UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF INDIANA
HAMMOND DIVISION

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | ) | |
| | ) | Case No. 2:11 CR 00068 JTM-APR |
| v. | ) | |
| | ) | |
| DAVID ALAN RESNICK | ) | |

## MOTION FOR VICTIM RESTITUTION

Comes now the United States of America through Assistant United States Attorney Jill Koster to request that the Court enter an order requiring Defendant David Alan Resnick (hereafter "Defendant") to pay victim restitution totaling $123,210.30 pursuant to 18 U.S.C. § 2248, *United States v. Danser*, 270 F.3d 451 (7th Cir. 2001) and *Paroline v. United States*, 134 S. Ct. 1710, 1722 (2014), and in support thereof states as follows:

1. Defendant was sentenced on December 18, 2014. DE # 150.

2. Prior to Defendant's sentencing, the government informed his counsel that it would be seeking restitution on behalf of victim AM pursuant to 18 U.S.C. § 3771(a)(6), which entitles crime victims to full and timely restitution. *See also* 18 U.S.C. § 2248. Although the government was aware of past losses to victim AM, the precise amount of his total losses, including a reasonable estimate of his future losses, was not ascertainable at the time.

1

Accordingly, the government sought, and the Court entered an order providing, additional time for the government to file its motion for restitution pursuant to 18 U.S.C. § 3664(d)(5). *See* Court Order entered on December 18, 2014.

3. Thereafter the government endeavored to collect the information necessary to support a motion for restitution in this case. *See* 18 U.S.C. § 3771(a)(6) (requiring Department of Justice employees to make their "best efforts to see that crime victims are notified of, and accorded, the rights described in subsection (a)" including the right to restitution). Difficulties were encountered, however, when the Indiana Department of Child Services ("IDCS") informed the government that it could not turn over the information requested or provide access to AM for this purpose without first obtaining permission from Lake County Superior Court. That need for permission caused the government to file two motions to continue the deadline for filing the instant motion, *see* DE # 158 and 160, which this Court granted, *see* DE # 159 and 161. A third continuance was then sought to allow the government's expert sufficient time to interview AM and prepare her report, and to allow undersigned counsel sufficient time to prepare the instant motion. *See* DE # 162. Although given time to file a response to the government's third

2

continuance motion, *see* DE # 163, Defendant declined to do so.

  4. Federal law characterizes orders of restitution as "mandatory" for all offenses falling within Chapter 109A of the United States Code, which includes Defendant's offense against AM (Aggravated Sexual Abuse of a Child in violation of 18 U.S.C. § 2241(c)). 18 U.S.C. § 2248. Subsection (b)(1) of Section 2248 states that restitution orders "shall direct the defendant to pay the victim (through the appropriate court mechanism) the full amount of the victim's losses" as determined by the Court. Those losses can include costs incurred by the victim for "medical services relating to physical, psychiatric, or psychological care," among others. 18 U.S.C. § 2248(b)(3)(A). Importantly, the Court "may not decline to issue [a restitution order] under this section because of the economic circumstances of the defendant" or because "a victim has, or is entitled to, receive compensation for his or her injuries from the proceeds of insurance or any other source." 18 U.S.C. § 2248(b)(4)(B).

  5. Victims need not provide sworn testimony or otherwise participate in restitution proceedings. 18 U.S.C. § 3664(g)(1). Under Section 2248(c), the term "victim" means any individual harmed as a result of a commission of a crime" and includes, in the case of minor victims, their legal guardian or a representative of their estate.

6. The government bears the burden of proving, by a preponderance of the evidence, that a defendant proximately caused a victim's losses. 18 U.S.C. § 3664(d)(6). But as the Supreme Court recently explained, proximate cause is a "flexible concept" that "generally refers to the basic requirement that there must be some direct relation between the injury asserted and the injurious conduct alleged." *Paroline*, 134 S. Ct. at 1719 (internal quotations and citations omitted). "Proximate cause is often explicated in terms of foreseeability or the scope of the risk created by the predicate conduct." *Id*. (citations omitted).

7. The evidence presented at trial in this case established that Defendant deliberately sought out 9-year-old AM to accompany Defendant on a cross-country trip. With visions of puppies, video games and a trip to Disneyland dancing in AM's head, Defendant stealthy removed the child from his support network and began a campaign of sexual abuse. Defendant further traumatized AM by putting a gun to his head and making various threats to his safety and that of his family. Based on this evidence, the government respectfully submits that it was foreseeable to Defendant that 9-year-old AM would suffer extensive psychological trauma that would require years or even decades of professional counseling to attempt to redress.

8. The Supreme Court confirmed in *Paroline* that reasonable estimates of likely future costs to a victim are properly included in restitution awards. 134 S. Ct. at 1722. The Seventh Circuit reached the same conclusion years earlier when it decided *Danser*. 270 F.3d 451, 455. *See also United States v. Laney*, 189 F.3d 954, 966 (9th Cir. 1999) (explaining that 18 U.S.C. § 2259, an identical federal restitution statute, is "phrased in generous terms, in order to compensate the victims of sexual abuse for the care required to address the long term affects of their abuse"); *United States v. Pearson*, 570 F.3d 480, 487 (2nd Cir. 2009). The *Danser* court recognized "the devastating and long term effects that the sexual exploitation of children can have both upon the victims of that abuse and greater society" and rejected the notion that victims should be required to petition courts to recover costs *as they are incurred*. 270 F.3d at 455. The court explained:

> We do not believe that Congress sought to create such a cumbersome procedure for victims to receive restitution. In enacting section 2259, it is clear that Congress intended to provide victims of sexual abuse with expansive relief for 'the full amount of . . . [their] losses suffered as a result of abuse.' 2259(b)(3)(B) (emphasis added). Congress chose unambiguously to use unqualified language in prescribing full restitution for victims.

*Id*.

9. Pursuant to 18 U.S.C. § 3664(e), it is the government's burden to

prove the amount and type of restitution owed by a preponderance of the evidence. Furthermore,

> Section 2259 does 'not impose[] a requirement of causation approaching mathematical precision.' *United States v. Doe*, 488 F.3d 1154, 1160 (9th Cir. 2007). Rather, the district court's charge is 'to estimate, based upon facts in the record, the amount of [the] victim's loss with some reasonable certainty.' *Id*.

*United States v. Monzel*, 641 F.3d 528, 540 (D.C. Cir. 2011). In estimating such awards, the courts have been "mindful of the inherent uncertainties attendant upon an award of prospective damages," *Danser*, 270 F.3d at 455 n. 5, but have also recognized the "strong Congressional intent behind" these restitution provisions of providing victims of child sexual abuse the counseling and treatment they need. *Id*. at 455. As the Supreme Court recently explained,

> At a general level of abstraction, a court must assess as best it can from available evidence the significance of the individual defendant's conduct in light of the broader causal process that produced the victim's losses. This cannot be a precise mathematical inquiry and involves the use of discretion and sound judgment.

*Paroline*, 134 S. Ct. at 1727-1728.

  10. Filed herewith as Exhibit 1 is a March 2, 2015 letter from IDCS that supports a request for $9,710.30 in restitution to repay that agency for past counseling and therapy expenses it incurred to address AM's abuse at the

6

hands of Defendant.[1]

11.     Filed herewith as Exhibit 2 is a March 3, 2015 report from Dr. Myra West which sets forth AM's need for future counseling and therapy to attempt to further address his abuse by Defendant.  Dr. West's conclusions are based in part on her professional experience, which is summarized in her CV, filed herewith as Exhibit 3.  Her conclusions are also based upon her review of AM's trial testimony and victim impact statement, as well as her lengthy in-person trauma-focused assessment of AM.  According to Dr. West, AM is likely to need weekly therapy sessions with a trained professional for a period of approximately 15 to 20 years due to his posttraumatic and dissociative symptomatology resulting from Defendant's criminal conduct.  At a current average rate of approximately $125 per hour, the cost of that future psychological treatment is conservatively estimated at between $97,500 and $130,000.  Notably, that estimate does not include in-patient psychological treatment AM may need or costs associated with outpatient treatment such as prescription medication.  Importantly, the estimate also does not account for

---

[1] The government previously understood the counseling-related losses incurred by IDCS on AM's behalf to be significantly higher.  On March 2, 2015, the government sought clarification from IDCS on this issue but as of the filing of this motion, no additional information has been provided.  Should IDCS subsequently discover further losses it incurred on AM's behalf which are attributable to Defendant, the government will contemplate filing a motion seeking an amended restitution order pursuant to 18 U.S.C. § 3664(d)(5).

inflation.

12. Based upon Exhibits 1, 2 and 3 hereto, the government respectfully requests that the Court order Defendant to pay $9,710.30 for AM's past losses and $113,500 (the half-way point between $97,500 and $130,000) for AM's likely future losses, for a grand total of $123,210.30 in victim restitution.

13. When a victim has received compensation from an outside source with respect to a loss, the Court "shall order that restitution be paid to [the source], but the restitution order shall provide that all restitution of victims required by the order be paid to the victims before any restitution is paid to such a provider of compensation."   18 U.S.C. § 3664(j)(1).   Because IDCS has covered the costs to date of AM's therapy, any repayment of the $9,710.30 spent to date should be directed to that agency rather than AM.  However, said repayment should only happen if and after Defendant has paid for all future losses owed directly to AM.

14. If the Court agrees that $113,500 is a reasonable estimate of AM's likely future losses due to his continuing need for counseling and therapy, the government respectfully requests that the Court enter an Order requiring Defendant to pay that amount to AM c/o of his Guardian Ad Litem, Attorney

Geoffrey G. Giorgi at 9205 Broadway, Suite B, Merrillville, IN 46410 (Telephone: 219-738-1133). Once that obligation has been met, the government respectfully requests that the remaining $9,710.30 owed by Defendant be directed to IDCS c/o Attorney John P. Shanahan at 661 Broadway, Gary, IN 46402.

WHEREFORE, the government respectfully requests that the Court enter an Order that requires Defendant to pay, forthwith, a total of $123,210.30 in victim restitution to the Clerk of the Court in this judicial district. The government respectfully requests that the Order direct the Clerk of the Court, in turn, to disburse the first $113,500 of said funds to AM, c/o attorney Geoffrey Giorgi at 9205 Broadway, Suite B, Merrillville, IN 46410 (Telephone: 219-738-1133). Pursuant to his appointment by the Lake County Superior Court, attorney Geoffrey Giorgi should be directed to hold in trust said restitution funds and disburse them only as needed to pay for AM's future counseling and therapy. Once AM reaches the age of majority and/or attorney Geoffrey Giorgi is relieved of his Guardian Ad Litem position vis-à-vis AM, all remaining or future funds received should be entrusted to AM's care. The final $9,710.30 received by the Clerk of the Court should be disbursed to IDCS, c/o Attorney John P. Shanahan at 661 Broadway, Gary, IN 46402, as

reimbursement for that agency's expenses to date for AM's counseling and therapy.

        Respectfully submitted,

          DAVID CAPP
          United States Attorney

      By: */ S / Jill Rochelle Koster*
          JILL ROCHELLE KOSTER
          Assistant United States Attorney
          5400 Federal Plaza, Suite 1500
          Hammond, Indiana 46320
          (219) 937-5500

## **CERTIFICATE OF SERVICE**

I hereby certify that on March 3, 2015, I electronically filed the foregoing with the Clerk of the Court using the CM/ECF system which sent notification of such filing to defense counsel of record.

By:    / S /   *Jill Rochelle Koster*
               JILL ROCHELLE KOSTER
               Assistant United States Attorney
               5400 Federal Plaza, Suite 1500
               Hammond, Indiana 46320
               (219) 937-5500