UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF INDIANA
HAMMOND DIVISION

UNITED STATES OF AMERICA          )
                                  )
          v.                      )          No: 2:11 CR 68
                                  )
DAVID ALAN RESNICK                )

OPINION and ORDER

This matter is before the court on the government's Motion for Victim Restitution (DE #164), requesting an order requiring defendant David Resnick to pay victim restitution totaling $123,210.30 pursuant to 18 U.S.C. § 2248. For the reasons set forth below, the government's motion will be granted.

I.      BACKGROUND

On December 18, 2014, this court sentenced defendant David Resnick to a term of imprisonment and the payment of restitution. (DE # 150.) The government has filed a motion for restitution in the amount of $123,210.30. (DE # 164.) The government asserts that the victim in this case, AM, is entitled to restitution in the amount of $113,500 for his likely future losses due to his continuing need for counseling and therapy. (DE # 164 at 8.) The government also asserts that the Indiana Department of Child Services ("IDCS") is entitled to restitution in the amount of $9,710.30 for reimbursement of the agency's expenses for AM's past counseling and therapy. (DE # 164 at 10.)

Defendant objects to the motion on the basis that: (i) the IDCS is not a "victim" for purposes of 18 U.S.C. § 2248, and is therefore not entitled to restitution; and (ii) the government has presented insufficient evidence that AM is entitled to restitution in the amount requested. (DE # 168.)

## II.    LEGAL STANDARD

The government moves for restitution in this case pursuant to 18 U.S.C. § 3371(a)(6) and 18 U.S.C. § 2248, which entitle victims of certain crimes to full and timely restitution. Section 2248 provides that a sentencing court "shall order restitution for any offense under this chapter," including aggravated sexual abuse, the offense for which defendant was convicted. Section 2248(b)(1) requires the defendant to pay the victim the "full amount of the victim's losses as determined by the court. . . ." The term "full amount of the victim's losses" includes any costs incurred by the victim for "medical services relating to physical, psychiatric, or psychological care . . . ." 18 U.S.C. § 2248(b)(3)(A).

## III.    ANALYSIS

### A.    *Restitution Award for AM*

Defendant argues that the government's request for restitution on behalf of AM should be denied on the basis that the amount of $113,500 for future mental health treatment is "entirely speculative." (DE # 168 at 5.) Defendant also contends that it is unclear how much of AM's future treatment can be said to be proximately caused by defendant's conduct, and how much is instead attributable to AM's abuse at the hands of his stepfather. (*Id.*)

While defendant is correct that restitution is only proper where the government has established that the defendant's offense proximately caused the victim's losses, *Paroline v. United States*, 134 S. Ct. 1710, 1722 (2014), he is incorrect that the government has not met this burden. Attached to the government's motion is the Trauma-Focused Assessment that Dr. Myra D. West issued after evaluating AM. (DE # 164-2.) Contrary to defendant's

2

position that AM's future need for treatment may be attributable to other abuse AM suffered, Dr. West's evaluation and calculations pertained solely to any trauma AM suffered as a result of defendant's offense. (*Id.* at 1.) Moreover, Dr. West described in detail why AM is likely to require years of future counseling. (*Id.* at 4-5.)

Defendant next challenges the ascertainability of the amount of future treatment AM will require. However, while the Seventh Circuit has acknowledged "the inherent uncertainties attendant upon an award of prospective damages," it nevertheless held that Congress "unambiguously" intended to provide victims "full" and "unqualified" restitution "to make whole those victims of sexual exploitation." *United States v. Danser*, 270 F.3d 451, fn. 5 (7th Cir. 2001). Thus, while there is some uncertainty regarding the precise amount of therapy AM will require, this uncertainty does not serve as a basis to deny restitution for AM's likely future treatment costs.

Defendant suggests that there is insufficient evidence that AM is currently in therapy, and thus his need for future therapy is suspect. This court ordered the government to file supplemental evidence of any therapy AM had recently undergone. Based on the information the government provided (DE # 177), this court is satisfied that AM's treatment is on-going and necessary. Moreover, his current treatment is not determinative of his right to restitution. Dr. West's assessment explained that AM's need for treatment may fluctuate as he matures, faces triggering events, experiences major life changes, and enters into intimate relationships. (DE # 164-2 at 4.) Thus, even to the extent that AM is not currently undergoing mental health counseling, this is not indicative of his future need for treatment.

3

Finally, defendant asks that this court hold a hearing so that the government and defendant may examine and cross-examine Dr. West regarding her calculations. (DE # 168 at 5.) However, at the time of his sentencing, defendant waived any request for a hearing to determine victim losses. (DE # 150; DE # 156 at 36.) Moreover, a hearing is unnecessary in light of the detailed evidence contained in Dr. West's assessment.

This court finds that, based on Dr. West's clinical evaluation, the government has met its burden of proof and established both the likely need for future treatment in the amount of $113,500 and that this need for future treatment was proximately caused by the offense for which defendant was convicted.

## B. *Restitution Award for the Indiana Department of Child Services*

Defendant argues that IDCS is not entitled to the requested restitution of $9,710.30 because IDCS did not charge AM for the therapy it provided. (DE # 168 at 2.) While this is true, it is irrelevant. IDCS is entitled to restitution because it qualifies as a "victim" pursuant to 18 U.S.C. § 2248. The term "victim" in Section 2248 is defined as "the individual harmed as a result of a commission of a crime under this chapter, including, in the case of a victim who is under 18 years of age . . . the legal guardian of the victim or representative of the victim's estate, another family member, or any other person appointed as suitable by the court . . . ." 18 U.S.C.A. § 2248(c). Here, the IDCS was AM's legal guardian at the time he received the relevant counseling and thus qualifies as a victim entitled to restitution under the statute. Moreover, contrary to defendant's assertion, AM's counseling was not "provided at no cost." (DE # 168 at 2.) Rather, AM was treated by a third-party provider while he was in the custody of IDCS, and IDCS was

charged for AM's treatment. (*See* DE # 164-1.) Thus, IDCS is entitled to restitution in the amount of $9,710.30.

      *C.     Consideration of Defendant's Economic Circumstances*

      Defendant's final argument is that this court should take into consideration defendant's economic circumstances in determining the schedule according to which he will pay restitution. However, because defendant is currently in the custody of the Bureau of Prisons, this court must leave the scheduling of defendant's restitution payments to the determination of the Bureau of Prisons. *United States v. Laraneta*, 700 F.3d 983, 993 (7th Cir. 2012) ("[T]he schedule of restitution payable before the defendant is released from prison should be left to the Bureau of Prisons to determine**.**"). To the extent that defendant's position is that his economic circumstances should be taken into consideration in determining the *amount* of his restitution, the language of the statute expressly prohibits such consideration. 18 U.S.C. § 2248(b)(4)(B)(i).

## IV.    CONCLUSION

      For these reasons, the court **GRANTS** the government's motion (DE # 164) and **ORDERS** defendant David Resnick to pay victim restitution in the amount of $123,210.30 to the Clerk of the Court in this judicial district. The court **DIRECTS** the Clerk to disburse the first $113,500 of these funds to the victim AM for reimbursement of any out-of-pocket counseling and therapy costs AM has incurred, and for any future counseling and therapy costs AM wishes to incur. The court **ORDERS** the U.S. Attorney's Office to update the Clerk's Office as to where restitution collected for AM should be sent. The court **ORDERS** that the final amount of $9,710.30 of the restitution funds received by the Clerk be

disbursed to the Indiana Department of Child Services, c/o attorney John P. Shanahan at 661 Broadway, Gary, IN 46402, as reimbursement for the agency's expenses for AM's counseling and therapy. The court **ORDERS** defendant David Resnick to notify the court of any material change in his economic circumstances that might affect his ability to pay restitution.

**SO ORDERED.**

Date: January 9, 2018

s/James T. Moody
JUDGE JAMES T. MOODY
UNITED STATES DISTRICT COURT